IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| VICKIE ROBINSON, | § | |
| | § | |
| Plaintiff/Interpleader Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | Civil Action No. 7:17-cv-00020-O |
| Defendant/Interpleader Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HOLLIDAY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Interpleader Defendant. | § | |

**ORDER GRANTING INTERPLEADER AND DISMISSAL WITH PREJUDICE**

Before the Court is the Parties' Joint Motion to Grant Interpleader and Dismiss with Prejudice (ECF No. 15), filed March 23, 2017. Plaintiff/Interpleader Defendant Vickie Robinson ("Robinson"), Defendant/Interpleader Plaintiff The Lincoln National Life Insurance Company ("Lincoln National"), and Interpleader Defendant Holliday Independent School District ("HISD"), comprise all of the parties who have been served and/or appeared in this action, and they now request that the Court grant Lincoln National interpleader relief and dismiss the action with prejudice. Mot. 1, ECF No. 15. After reviewing the Motion and applicable law, the Court finds that Lincoln National is entitled to interpleader relief and that the proceeds of its Flexible Premium

Adjustable Death Benefit Policy no. VPB338113, which was (the "Policy") on the life of Matthew Robinson, should be divided in the manner set forth below. Accordingly, it is hereby:

**ORDERED** that Lincoln National's claim for interpleader is granted; it is further

**ORDERED** that Lincoln National shall retain $2,500.00 of the proceeds of the Policy for its reasonable and necessary attorney's fees and shall issue another check for the remainder of the proceeds made payable to "Vickie Robinson and Michael Callahan, P.C." and deliver that check to Casey Brown, The Callahan Law Firm, 440 Louisiana, Suite 2050, Houston, Texas 77002; it is further

**ORDERED** that HISD should not receive any of the proceeds of the Policy; it is further

**ORDERED** that Robinson and HISD (collectively, the "Interpleader Defendants") are enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity, against Lincoln National arising out of or relating to the Policy or the proceeds thereunder; it is further

**ORDERED** that Lincoln National is fully and finally discharged from any further liability, whether to the Interpleader Defendants or otherwise, arising out of or relating to the Policy or the proceeds thereunder; it is further

**ORDERED** that, except as set forth above, Lincoln National and the Interpleader Defendants are each responsible for the attorney's fees and court costs, if any, that they have each incurred herein; it is further

**ORDERED** that no other attorney's fees or court costs shall be taxed against Lincoln National; and it is further

**ORDERED** that all remaining claims, demands, debts, or causes of action asserted or assertable herein by Lincoln National against the Interpleader Defendants, by the Interpleader

Defendants against Lincoln National, or by one Interpleader Defendant against the other arising out of or relating to the Policy or the proceeds thereunder, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on this **24th** of **March, 2017.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**